Judge Nicholas,
delivered the opinion of the court.
This was an action of ejectment, brought by the plaintiffs in error, wherein Buford was admitted to defend with the tenants in possession, and on the trial, a verdict and judgment were rendered in favor of the defendants.
After the exhibition of a patent to the plaintiffs, and of another to Buford, of later date, for the land in contest, testimony was given, conducing to shew that Woodson, one of the defendants, who had enter-ed under Buford, whilst holding under Buford by ex-ecutory contract and lease, disclaimed Buford’s title, notified him of his intention no longer to hold under him, and that he had or would purchase from ancj hold under the plaintiffs: that he accordingly executory contract, agree to purchase from and hold under them, has ever since claimed to hold under them, hut never surrendered to Buford the possession originally acquired under him.
The plaintiffs moved the court to instruct the jurYi *n substance, that the statute of limitations ceased to run against them, from the time Woodson agreed to purchase from and claimed to hold under them, and that he was estopped to deny their title-The court refused to instruct the jury as asked, and we think properly.
Seven years occupancy to bar^must& have been acr quired and í)j
If the contest had been exclusively between the plaintiffs and Woodson, the instruction might have been given, but as against Buford, defending a sion originally acquired under him, it could not. It is contended, on the part of the plaintiffs, that Wood-son’s purchase from, and claiming to hold under them, accompanied with a disclaimer of Buford’s title, destroyed the adversary character of his possession, and was equivalent to an actual entry by them. This effect could be given to his acts, only by construing his possession as their possession, which could not be done but by admitting a valid attornment from him to them. This we cannot concede. The case falls completely within the statute, avoiding the attornments from tenants to strangers. To allow the validity of this attornment would take from the statute all its efficacy. His disclaiming to hold under Buford’s title, and notice of his intention to purchase and hold under plaintiffs, did not authorize him to transfer the possession, so as to make its subsequent continuance enure to the benefit of plaintiffs, .and prejudice of Buford’s title. To have enabled him to do so, he should have first surrendered to Buford the possession acquired from him.
The court, at the instance of the defendants, in substance, instructed the jury,- that continued occufancy by the defendants for seven years, would bar the plaintiffs. This instruction was improperly, and, as we suppose, inadvertently worded, so as not to require that the occupancy should have been acquired, and held by actual settlement on the land'. See Smith vs. Nowells, 2 Litt. 160.
There is a similar inaccuracy in the instruction given, to bring the case within the first section of the act of 1809, The jury should have been required to believe, that Bunc h settled on the land, having title deducible of record from the Commonwealth, instead of 11 claiming title by matter of reoord,” &c. as the instruction is worded.
The plaintiffs moved the court for leave to dismiss their suit as to Buford, which the court refused to permit. This also is assigned for error. We think Buford was «learly entitled to be made a de *252 fendant, and if so, we cannot perceive with what ProPr*ety it can becoutended that the court should allowed plaintiffs to dismiss their suit as to him.
Owsley, for plaintiffs; Crittenden, Hoggin and Monroe, for defendants.
We can see no greater force in the objection, that the judgment for costs is rendered against the lessors of the plaintiff.
The objection as to• the validity of Buford’s patent, is completely answered by the case of Wood-son vs. Butord, 7 Monroe.
For the errors, alluded to, in the instructions given at the instance of the defendants, the judgment must be reversed, and the cause remanded for further proceedings.